UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LEE JONES,<br><br>           Petitioner,<br><br>    v.<br><br>J. LONG, et al.,<br><br>           Respondents. | No.  2: 19-cv-1261 TLN KJN P<br><br>FINDINGS & RECOMMENDATIONS |

    Petitioner is a prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In 1978, petitioner was convicted of murder and sentenced to 7 years to life. (ECF No. 1 at 2.)  This action proceeds on the original petition filed June 13, 2019, pursuant to the mailbox rule, as to claim one alleging that the Tehama County District Attorney violated petitioner's plea agreement by opposing his request for parole and alleging aggravating circumstances at petitioner's August 5, 2009 parole suitability hearing.[1]  (Id. at 8-9.)

    Pending before the court is respondent's motion to dismiss on the grounds that petitioner's claim is barred by the statute of limitations and not exhausted.  (ECF No. 18.)  On November 17, 2020, petitioner filed an amended opposition.  (ECF No. 23.)  On November 24, 2020, respondent

---

[1] On March 25, 2020, the undersigned recommended that claims two, three, four and five raised in the petition be dismissed.  (ECF No. 5.)  On August 4, 2020, the Honorable Troy L. Nunley adopted the March 25, 2020 findings and recommendations.  (ECF No. 17.)

1

filed a reply. (ECF No. 24.)

For the reasons stated herein, the undersigned recommends that respondent's motion to dismiss be granted.

<u>Statute of Limitations</u>

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for the filing of a federal habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As stated above, in claim one, petitioner alleges that the Tehama County District Attorney violated his plea agreement by opposing his request for parole and alleging aggravating circumstances at petitioner's August 5, 2009 parole suitability hearing. Therefore, the undersigned finds that the statute of limitations for this claim is calculated pursuant to 28 U.S.C. § 2244(d)(1)(D), i.e., the date on which the factual predicate of the claim could have been discovered through due diligence.

Because petitioner was present at the August 5, 2009 parole suitability hearing where the alleged breach of his plea agreement occurred, the undersigned finds that the statute of limitations began to run on August 6, 2009. Petitioner had one year from August 6, 2009, i.e., until August 7, 2010, to file a timely federal petition. The instant action is not timely unless petitioner is

2

entitled to statutory or equitable tolling.

*Statutory Tolling*

AEDPA's statute of limitations is suspended for the time during which a "properly-filed" application for post-conviction relief is pending in state court, i.e., statutory tolling. See 28 U.S.C. § 2244(d)(2).

According to respondent, petitioner did not start the state court review process until October 15, 2017. (ECF No. 18 at 3.) Respondent cites page 3 of petitioner's habeas corpus petition in support of this claim. (Id.) Respondent argues that petitioner is not entitled to statutory tolling because he did not start the state court review process until seven years after the expiration of the statute of limitations. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (no statutory tolling if AEDPA time period expired before starting the state court review process).

Respondent is correct that in the petition form, petitioner alleges that he began the state court review process by filing a habeas corpus petition in the Tehama County Superior Court on October 15, 2017. (ECF No. 1 at 3.) However, attached to the petition is a copy of an order by the Tehama County Superior Court dated January 28, 2011 denying a habeas corpus petition filed by petitioner on December 7, 2010 raising petitioner's claim that the district attorney violated his plea agreement by opposing his request for parole. (ECF No. 1 at 22-24.) In his amended opposition, petitioner alleges that he filed the petition in the Tehama County Superior Court on December 2, 2010, pursuant to the mailbox rule. (ECF No. 23 at 5.)

Petitioner filed his petition in the Tehama County Superior Court on December 2, 2010, which was after the statute of limitations ran on August 7, 2010. For this reason, petitioner is not entitled to statutory tolling for the state habeas petition he filed on December 2, 2010, or any of the state habeas petitions he filed beginning in 2017. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (no statutory tolling if AEDPA time period expired before starting the state court review process).

*Equitable Tolling*

A prisoner who files a federal habeas petition after the expiration of the one-year statute of limitations may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010).

3

To get the benefit of equitable tolling, the prisoner must show that he was diligently pursuing his rights, but some extraordinary circumstance stood in his way and prevented timely filing. Id.; see Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) ("Equitable tolling is available where the prisoner can show extraordinary circumstances were the cause of an untimely filing.") "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

In the amended opposition, petitioner alleges that the following circumstances entitle him to equitable tolling. Petitioner alleges that on February 25, 2012, he witnessed a murder at Folsom State Prison. (ECF No. 23 at 6.) Petitioner alleges that as a result of witnessing this murder, he was transferred on several occasions. (Id.) Petitioner alleges that as a result of these transfers, he could not re-start his state habeas actions until 2017. (Id. at 6-7.)

Petitioner did not become a witness to the murder until February 25, 2012, which was over one year after the statute of limitations ran on August 7, 2010. These circumstances do not explain petitioner's failure to file a timely federal habeas corpus petition. For this reason, petitioner is not entitled to equitable tolling based on these circumstances.

For the reasons discussed above, the undersigned finds that claim one raised in the instant action is barred by the statute of limitations. Respondent's motion to dismiss on this ground should be granted.[2]

---

[2] If the undersigned construed claim one to directly challenge the validity of the August 5, 2009 decision finding petitioner unsuitable for parole, claim one would still be time barred for the following reasons. If petitioner challenged the validity of the August 5, 2009 decision finding him unsuitable for parole, the statute of limitations would begin to run when the August 5, 2009 decision became final, i.e., on December 3, 2009. See Redd v. McGrath, 343 F.3d 1077, 1079-80 (9th Cir. 2003) (the statute of limitations applies to administrative decisions like the denial of parole); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (the statute of limitations for a petition challenging parole denial begins to run on the date after that administrative decision becomes final); see Stephen v. Fox, 2019 WL 6320378, at *2 (E.D. Cal. Nov. 26, 2019) (parole decision final 120 days after decision issued). The statute of limitations would expire one year later, i.e., on December 3, 2010. Petitioner would be entitled to statutory tolling for the 57 days

Exhaustion

Respondent also argues that claim one should be dismissed because it is not exhausted. The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Respondent argues that petitioner failed to exhaust state court remedies because on February 13, 2019, the California Supreme Court denied his petition by an order stating, "The petition for writ of habeas corpus is denied. (See People v. Duvall (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence].)." (ECF No. 18-4 at 2.)

Although petitioner's failure to include copies of reasonably available documentary evidence could have been "cured in a renewed petition," petitioner's failure to file a renewed petition in the California Supreme Court does not per se establish a failure to exhaust state court remedies. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). Where the state court denial rests on the proposition that the claims were not alleged with enough particularity or did not include reasonably available documentary evidence in support thereof, the court must independently examine petitioner's California Supreme Court habeas petition and make its own

---

his first state habeas was pending in the Tehama County Superior Court, i.e., December 2, 2010 to January 27, 2011, thus extending the limitations period to January 29, 2011. Petitioner would not be entitled to gap tolling for the approximate 6 ½ years he waited to file his next state habeas petition because he has not shown good cause for this delay. See Valdez v. Montgomery, 918 F.3d 687, 692 (9th Cir. 2019) (in considering gap tolling, absent showing of good cause, court will not depart from "benchmark" 60-day limit between filings). While petitioner argues that he is entitled to 6 ½ years of gap tolling because he was unable to proceed with his state habeas petitions after he witnessed a murder in February 2012, this circumstance occurred after the statute of limitations expired on January 29, 2011. The state habeas petitions petitioner began filing in 2017 would not restart the statute of limitations. See Ferguson v. Palmateer, supra. For these reasons, even if the undersigned calculated the statute of limitations from the date the August 5, 2009 decision finding petitioner unsuitable for parole became final, the instant action is still not timely.

determination whether the claim was pled with as much particularity as was practicable. See Schwartz v. Uribe, 2013 WL 1146984, at *2 (C.D. Cal. Jan. 29, 2013) (citing Kim v. Villalobos, 799 F.2d at 1320 (9th Cir. 1986)); Barrera v. Attorney General of California, 473 F.App'x 748, 749 (9th Cir. 2012) (citations to Swain and Duvall require that a federal habeas court "independently analyze the petition presented to the California Supreme Court to determine whether [the petitioner] satisfied federal exhaustion requirements").

In support of the opposition, respondent submitted a copy of the habeas corpus petition petitioner filed in the California Supreme Court on August 27, 2018.  (ECF No. 18-3.)  In this petition, petitioner appears to allege an ongoing violation of his plea agreement based on the Tehama County District Attorney's Office continued opposition to his request for parole.  (Id. at 9.)  Petitioner also raises other claims, such as the improper use of unchanging factors by the Board of Parole Hearings ("BPH") to find petitioner unsuitable for parole.  (Id.)  Petitioner alleges that he has been wrongly found unsuitable for parole 16 times.  (Id.)

Attached to habeas petition filed in the California Supreme Court as exhibits are copies of other habeas petitions filed by petitioner in state court.  These petitions do not include documentary evidence, such as transcripts from the at-issue parole hearings or the transcript from petitioner's plea agreement.

Petitioner's habeas corpus petition filed in the California Supreme Court does not appear to raise a claim specifically alleging that the Tehama County District Attorney violated petitioner's plea agreement at his August 5, 2009 parole suitability hearing.  However, even if this petition raised this claim, the undersigned finds that petitioner's failure to attach any relevant documentary evidence to this petition renders the claims raised in this petition unexhausted.   The California Supreme Court's citation to People v. Duvall in the order denying petitioner's corpus habeas petition indicates that petitioner could refile a habeas corpus petition in the California Supreme Court that includes relevant documentary evidence, such as a transcript from the at-issue parole suitability hearing and/or a copy of petitioner's plea agreement.

For the reasons discussed above, the undersigned finds that petitioner's claim alleging that the Tehama County District Attorney violated petitioner's plea agreement by opposing his request

for parole and alleging aggravating circumstances at petitioner's August 5, 2009 parole suitability hearing is not exhausted. Respondent's motion to dismiss on this ground should be granted.[3]

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 18) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 2, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Jones1261.mtd

---

[3] Petitioner is not entitled to a stay of this action in order to exhaust claim one because this claim is not timely. See Johnson v. Federal Court Judges, 2020 WL 2114931, at *6 (C.D. Cal. March 20, 2020) (petitioner not entitled to a stay if claims are time barred).